**Case No.: 6:16-cv-01961-CEM**

United States District Court
Middle District of Florida
Orlando Division

In re:

Nadine Roundtree Trombacco

NADINE ROUNDTREE TROMBACCO

                Appellant,

vs.

LAURIE K. WEATHERFORD,

Trustee,

                Appellee.

---

On Appeal from the United States Bankruptcy Court
for the Middle District of Florida

---

Amended/Corrective Answer Brief of Appellee
Laurie K. Weatherford,
Trustee

      Laurie K. Weatherford, Trustee
      Stuart Ferderer
      Fla. Bar No. 0746967
      P.O. Box 3450
      Winter Park, FL 32790
      Telephone (407) 648-8841
      Facsimile (407) 648-2665
      stuartf@c13orl.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...........................................................................................2

ORAL ARGUMENT ....................................................................................................3

STATEMENT OF THE ISSUES PRESENTED ...........................................................3

STANDARD OF REVIEW ..........................................................................................3

STATEMENT OF THE CASE......................................................................................3

SUMMARY OF THE ARGUMENT ............................................................................5

ARGUMENT ...............................................................................................................5

**CAN A CHAPTER 13 PLAN PREPARED AND FILED BY A PRO SE DEBTOR IN A BANKRUPTCY PROCEEDING BE CONFIRMED BY THE BANKRUPTCY COURT IF THE PLAN DOES NOT COMPLY WITH THE APPLICABLE AND MANDATORY PROVISIONS OF THE BANKRUPTCY CODE? …….…………………….………………….5**

**WHEN A CHAPTER 13 PLAN FILED BY A PRO SE DEBTOR IN A BANKRUPTCY PROCEDING CANNOT BE CONFIRMED BECAUSE IT DOES NOT COMPLY WITH THE APPLICABLE AND MANDATORY PROVISIONS OF THE BANKRUPTCY CODE, DOES THE BANKRUPTCY COURT HAVE THE AUTHORITY TO CONFIRM A CHAPTER 13 PLAN PREPARED BY THE CHAPTER 13 TRUSTEE THAT DOES COMPLY? ……………………………..…………………………………………….. 6**

CONCLUSION.............................................................................................................8

CERTIFICATE OF SERVICE .....................................................................................9

## TABLE OF AUTHORITIES

**Statutes and Code Provisions**                                           **Page**

Chapter 13, U.S. Bankruptcy Code....................................................................... passim

11 U.S.C. § 1322.....................................................................................................5

11 U.S.C. § 1323.....................................................................................................5

11 U.S.C. 1325.......................................................................................................5

11 U.S.C. 1302......................................................................................................6

11 U.S.C. 105........................................................................................................6

11 U.S.C. 1307......................................................................................................7

## ORAL ARGUMENT

The Trustee does not request oral argument.

## STATEMENT OF THE ISSUES PRESENTED

**CAN A CHAPTER 13 PLAN PREPARED AND FILED BY A PRO SE DEBTOR IN A BANKRUPTCY PROCEEDING BE CONFIRMED BY THE BANKRUPTCY COURT IF THE PLAN DOES NOT COMPLY WITH THE APPLICABLE AND MANDATORY PROVISIONS OF THE BANKRUPTCY CODE?**

**WHEN A CHAPTER 13 PLAN FILED BY A PRO SE DEBTOR IN A BANKRUPTCY PROCEDING CANNOT BE CONFIRMED BECAUSE IT DOES NOT COMPLY WITH THE APPLICABLE AND MANDATORY PROVISIONS OF THE BANKRUPTCY CODE, DOES THE BANKRUPTCY COURT HAVE THE AUTHORITY TO CONFIRM A CHAPTER 13 PLAN PREPARED BY THE CHAPTER 13 TRUSTEE THAT DOES COMPLY?**

## STANDARD OF REVIEW

Where the facts are not in dispute, the standard of review of legal conclusions is *de novo*.

*In re Winn-Dixie Stores*, 414 B.R. 764, 767 (M.D. Fla. 2009).

## STATEMENT OF THE CASE

Debtor/Appellant Nadine Roundtree Trombacco ("Trombacco"), filed her pro se individual petition for relief under Chapter 13 of the Bankruptcy Code on January 11, 2016. On February 9, 2016 she filed a Chapter 13 Plan with the Bankruptcy Court which was blank inasmuch as it set forth no monthly payment amount to the Chapter 13 Trustee and no monthly payments to secured creditors. She filed amended plans twice subsequent to this, both of which also provided no payment amount to the Chapter 13 Trustee. However, she did send to the

Trustee payments fifteen (15) times totaling $20,622.00 over the duration of the case, including a payment received by the Trustee on March 8, 2017.

During the pendency of the case three secured claims were filed, and the Orange County Tax Collector filed a Notice of Additional Creditors indicating the existence of a pre-petition tax certificate encumbering real property she owns. In all there were four secured claims not provided for because of the zero payment amount to the Chapter 13 Trustee. In addition to the property tax lien the other secured claims filed were for Trombacco's mortgage on her primary residence, a mortgage on an investment property, and an automobile loan she had incurred in August, 2010. Each claim included as an attachment copies of the contracts entered into by the respective creditor and Trombacco. In August she filed objections to each mortgage holder's claim: in turn each filed a response thereto and objections to confirmation of her amended plan. She also filed a pleading titled "Motion to Allow Mediation/Modification and to Disallow Usurious Interest" ("the modification motion").

The Bankruptcy Court held a confirmation hearing on October 18th, 2016 to consider the Chapter 13 Plan filed by Trombacco, the objections to claims she filed, the responses thereto, and the mediation motion. At the hearing the Court overruled her objections to claims and denied her mediation motion without prejudice. Because each plan she filed had a zero payment to the Trustee and did not comply with the Bankruptcy Code, the Chapter 13 Trustee prepared a proposed Order Confirming Chapter 13 Plan which paid all claims correctly and as filed, and based on the amount of funds she had sent to the Trustee up to that point. Trombacco advised the Court that she agreed with the proposed order and could make the payments set forth therein. Based on this assurance by Trombacco the court entered its Order Confirming Chapter 13 Plan on October 25th. On November 7th Trombacco filed a motion for reconsideration of the Order

Confirming Chapter 13 Plan and her Notice of Appeal. On January 4, 2017 the motion for reconsideration was denied by the Bankruptcy Court.

## SUMMARY OF THE ARGUMENT

Trombacco filed a Chapter 13 Plan that did not meet the mandatory requirements for the proper treatment of secured claims in Chapter 13 proceedings, and therefore could not be confirmed. In fact, her plan did not provide for payment of any of the claims filed, but she sent funds to the Trustee because she wanted the relief the provisions of Chapter 13 could provide. Her objections to claims and the relief sought via mediation/modification were rejected by the Bankruptcy Court, as the Court felt none had a valid legal basis. Instead of dismissing her case, and in an attempt to assist Trombacco in curing the delinquencies on the mortgages and the tax lien on her other real property, the Chapter 13 Trustee prepared a proposed Order Confirming Chapter 13 Plan that paid the secured claims as filed. Trombacco assured the Bankruptcy Court she could and would make the proposed payments, and the plan proposed by the Chapter 13 Trustee was confirmed. Shortly thereafter she appealed the Bankruptcy Court's order.

## ARGUMENT

**CAN A CHAPTER 13 PLAN PREPARED AND FILED BY A PRO SE DEBTOR IN A BANKRUPTCY PROCEEDING BE CONFIRMED BY THE BANKRUPTCY COURT IF THE PLAN DOES NOT COMPLY WITH THE APPLICABLE AND MANDATORY PROVISIONS OF THE BANKRUPTCY CODE?**

Section 1322 of the Bankruptcy Code provides in part:

(**a**) The plan—

(**1**) shall provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

(**b**) Subject to subsections (a) and (c) of this section, the plan may—

5

(**2**) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

Section 1323 of the Bankruptcy Code provides in part:

(**a**) The debtor may modify the plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of section 1322 of this title.

Section 1325 of the Bankruptcy Code provides in part:

(**a**) Except as provided in subsection (b), the court shall confirm a plan if—

(**1**) The plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(**5**) with respect to each allowed secured claim provided for by the plan—

(**A**) the holder of such claim has accepted the plan;

Trombacco's proposed plan did not comply with Sections 1322(a)(1), 1322(b)(2), 1323(a), 1325(a)(1) or 1325(a)(5)(A) and the Court could not confirm it.

**WHEN A CHAPTER 13 PLAN FILED BY A PRO SE DEBTOR IN A BANKRUPTCY PROCEDING CANNOT BE CONFIRMED BECAUSE IT DOES NOT COMPLY WITH THE APPLICABLE AND MANDATORY PROVISIONS OF THE BANKRUPTCY CODE, DOES THE BANKRUPTCY COURT HAVE THE AUTHORITY TO CONFIRM A CHAPTER 13 PLAN PREPARED BY THE CHAPTER 13 TRUSTEE THAT DOES COMPLY?**

Section 1302 of the Bankruptcy Code provides in part:

(**b**) The trustee shall—

(**2**) appear and be heard at any hearing that concerns—

(**A**) the value of property subject to a lien;

> **(B)** confirmation of a plan;
>
> **(4)**  advise, other than on legal matters, and assist the debtor in performance under the plan;

Section 105 of the Bankruptcy Code provides in part:

> **(a) The** court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Trombacco's plan as filed could not be confirmed. The Trustee fulfilled her statutory obligations under Section 1302 by preparing a plan that could be confirmed and that accomplished Trombacco's objective of preventing foreclosure on her primary residence and other real property. The Trustee's proposed plan met the requirements of Section 1325(a). The Bankruptcy Court acted appropriately in confirming the Trustee's proposed plan which complied with the requirements of the applicable sections of the Bankruptcy Code.

Section 1307 of the Bankruptcy Code provides in part:

> **(b)**  On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

Trombacco had the absolute right to dismiss her bankruptcy case if she was dissatisfied with the efforts the Trustee and the Court undertook to assist her in resolving the problems which caused her to seek relief under the Bankruptcy Code.

## <u>CONCLUSION</u>

Appellant Trombacco sought relief under Chapter 13 of the Bankruptcy Code because she was delinquent on the mortgage secured by her primary residence, a mortgage secured by other real estate she owns, and had an outstanding tax lien on a third property. The three plans she filed all provided for a zero payment to the Trustee. Trombacco sent funds to the Chapter 13 Trustee each month in order for her Chapter 13 case to proceed and succeed notwithstanding the defective Chapter 13 plans she filed.  In an effort to assist her the Chapter 13 Trustee prepared a confirmation order that accomplished Trombacco's objective with regard to the three secured debts encumbering her primary residence and other property. Trombacco apprised the Bankruptcy Court at her confirmation hearing that she accepted the provisions set forth therein and could make the payments required. Based upon this representation, the court approved the proposed Chapter 13 plan prepared by the Trustee and entered the order confirming it. After the order was entered, Trombacco had the absolute right to dismiss her case at any time had she been unable or unwilling to continue. Instead, she chose to appeal the court's order.

Respectfully submitted,

/s/ Stuart Ferderer
Laurie K. Weatherford, Trustee
Stuart Ferderer
Fla. Bar No. 0746967
P.O. Box 3450
Winter Park, FL 32790
Telephone (407) 648-8841
stuartf@c13orl.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that March 13, 2017, I electronically filed the foregoing with the Clerk of Courts by using the ECF system and sent a true and correct copy via first-class U.S. mail, postage prepaid, to Nadine Roundtree Trombacco, Appellant, P.O. Box 926, Groveland, FL 34736.

/s/ Stuart Ferderer
Laurie K. Weatherford, Trustee
Stuart Ferderer
Fla. Bar No. 0746967
P.O. Box 3450
Winter Park, FL 32790
Telephone (407) 648-8841
stuartf@c13orl.com